UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GOPED LTD LLC,<br><br>Plaintiff,<br>v.<br><br>AMAZON.COM INC., *et al.*,<br><br>Defendants. | Case No. 3:16-cv-00165-MMD-VPC<br><br>ORDER |

## I. SUMMARY

Before the Court are the following motions: (1) Plaintiff GO PED LTD., LLC's ("GP") Motion for Summary Judgment (ECF No. 28),[1] to which Defendants Amazon.com, Inc. and Amazon Fulfillment Services, Inc. ("Amazon") responded (ECF No. 36) and GP replied (ECF No. 55); (2) Amazon's Motion for Partial Summary Judgment (ECF No. 29); and (3) Amazon's Motion to Strike (ECF No. 57). The Court has reviewed the responses (ECF Nos. 41, 54, 58) and replies (ECF Nos. 56, 59) relating to the latter motions as well.

## II. BACKGROUND

This is a contract dispute between GP, a motorized scooter manufacturer, and the online retailer Amazon. GP essentially alleges that Amazon violated the parties' contracts by taking certain discounts and charging certain fees. Amazon seeks indemnification

---

[1]GP moved to file an amended notice of motion for summary judgment (ECF No. 30) within twenty-one days of serving its initial motion for summary judgment. (*Compare* ECF No. 28 (filed April 20, 2017) *with* ECF No. 30 (filed April 22, 2017).) Accordingly, the Court will grant the motion pursuant to Fed. R. Civ. P. 15(a)(1)(A).

pursuant to the parties' contracts for the costs of an investigation and settlement with the California Air Resources Board ("CARB") related to the scooter sales.

The main contract at issue ("Vendor Contract") established a relationship between Amazon and GP's predecessor, Patmont Motor Werks, Inc. ("Patmont"), whereby GP acted as a vendor to Amazon—Amazon placed orders offering to purchase products, and Patmont could accept or reject the orders. (ECF No. 29 at 7.) The Vendor Contract permitted the addition of various terms over time ("Pricing Terms") that allowed Amazon to take discounts under certain conditions and to charge fees if Patmont failed to deliver goods on time or at all. (*See id.*) The Vendor Contract also included an indemnification agreement. (ECF No. 9 at 7.) GP allegedly became a party to the Vendor Contract when it purchased Patmont's assets, "including all rights, obligations, and remedies [Patmont] had under the [Vendor Contract]," in a bankruptcy sale on March 13, 2015. (ECF No. 1 at 4.)

### 1. Pricing Terms

The Pricing Terms that were incorporated into the Vendor Contract over time included five different kinds of agreements. Under the Allowance Agreements, Amazon received a two-percent discount for waiving its right to return damaged or defective goods. (ECF No. 29 at 9.) Under the Early-Payments Credits Agreements, Amazon received "a two-percent discount if it paid within 60 days (and later in the relationship 30 days)." (*Id.*) Under the Freight Allowance Agreements, Amazon received a three-percent discount if it paid Patmont's shipping costs. (*Id.*) Under the MDF/COOP Agreements, Amazon received a five-percent (and later nine-percent) discount for marketing Patmont's products online. (*Id.*) Under the Chargebacks Agreements, Amazon could charge Patmont for ten percent of the cost of any undelivered products. (*Id.*)

GP essentially claims that Amazon wrongfully took discounts and charged fees in violation of these agreements, and its complaint contains claims for (1) declaratory relief under 28 U.S.C. § 2201; (2) violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961 *et seq.*; (3) common law fraud; (4)

1 | deceptive trade practices under NRS §§ 598.0915(9), 598.0915(15), and 598.0923; (5) declaratory relief under NRS § 104.2302(1); (6) violation of Nevada RICO, NRS §§ 207.400 *et seq.*; and (7) unjust enrichment. (ECF No. 1 at 8-10.)

### 2. Indemnification

Amazon asserted a counterclaim against GP seeking indemnification for costs related to a settlement with the CARB. (ECF No. 9 at 6-7.) The CARB asserted that GP's scooters had not been certified for sale or use in California and violated California regulations governing emission control systems. (*Id.* at 6.) Amazon settled with the CARB by paying $64,250 to the California Air Pollution Control Fund. (*Id.* at 7.) Amazon seeks indemnification for the settlement amount in addition to costs and fees. (*Id.*)

## III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is material if it could affect the outcome of the suit under the governing law. *Id.*

Summary judgment is not appropriate when "reasonable minds could differ as to the import of the evidence." *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is [that which is] enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Decisions granting or denying summary judgment are made in light of the purpose of summary judgment: "to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

///

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008). If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ." *Anderson*, 477 U.S. at 252.

**IV.    MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 29)**

Amazon moves for summary judgment on all of GP's claims. (ECF No. 29 at 15.) For the following reasons, the Court grants Amazon's motion.

**A.    First and Fifth Claims: Declaratory Relief**

In its first and fifth claims for relief, GP apparently seeks a declaration that both the Vendor Contract and its choice of law provision are unconscionable.[2] (ECF No. 1 at 5-6,

///

---

[2] GP's Complaint additionally requests a declaration that the arbitration clause in the Vendor Contract is void (ECF No. 1 at 5-6), but the Vendor Contract does not contain an arbitration clause (ECF No. 9 at 5; *see also* ECF No. 29-2 at 1-8 (Vendor Contract)). GP also seems to have abandoned its argument that Amazon waived the choice of law provision by declining to participate in arbitration in Washington. (*See* ECF No. 1 at 5-6; ECF No. 54 at 12.)

9.) Amazon moves for summary judgment on the ground that the Vendor Contract and its provisions are not unconscionable. (ECF No. 29 at 19.)

The Court applies Washington law pursuant to the choice-of-law provision in the Vendor Contract and the parties' agreement that Washington law applies. (ECF No. 29-2 at 5 ("This Agreement will be governed by the laws of the state of Washington . . . ."); ECF No. 29 at 16 ("Washington law, not Nevada law, governs the contract . . . ."); ECF No. 54 at 4 ("Plaintiff is fine with the application of Washington law . . . .").) Washington recognizes two categories of unconscionability: procedural and substantive. *Zuver v. Airtouch Commc'ns, Inc.*, 103 P.3d 753, 759 (Wash. 2004). "Procedural unconscionability is the lack of meaningful choice, considering all the circumstances surrounding the transaction including the manner in which the contract was entered, whether each party had a reasonable opportunity to understand the terms of the contract, and whether the important terms were hidden in a maze of fine print." *Id.* (quoting *Nelson v. McGoldrick*, 896 P.2d 1258, 1262 (Wash. 1995) (en banc)). "Substantive unconscionability involves those cases where a clause or term in the contract is alleged to be one-sided or overly harsh." *Id.* (quoting *Schroeder v. Fageol Motors, Inc.*, 544 P.2d 20, 23 (Wash. 1975)).

GP first argues—without citing any authority—that the Vendor Contract is procedurally unconscionable because the contract permits the imposition of additional terms over time. (*See* ECF No. 54 at 14-15.) Amazon contends that it was entitled to make changes to the Vendor Contract because the contract was terminable at will. (ECF No. 56 at 9 (citing *Cascade Auto Glass, Inc. v. Progressive Cas. Ins. Co.*, 145 P.3d 1253 (Wash. 2006)).) In Washington, "a terminable-at-will contract may be unilaterally modified." *Cascade Auto Glass*, 145 P.3d at 1257. The Vendor Contract indicates that either party may terminate the contract at will. (ECF No. 29-2 at 4.) Accordingly, the Court agrees with Amazon that Vendor Contract is not procedurally unconscionable.

GP further argues that the Vendor Contract is procedurally unconscionable because "there is no adequate provision or procedure in any Amazon vendor contract to ensure a damaged vendor is afforded due process." (ECF No. 54 at 15.) This argument is

unpersuasive as GP does not cite to any authority that requires contracts to contain such a provision.

GP further argues that the Vendor Contract is substantively unconscionable because it "calls for imposition of contractual changes in Amazon's favor, unilaterally, without negotiation, mutuality, or a chance to forge mutual intent." (ECF No. 54 at 15.) However, the parties were free to unilaterally change the contract because it was terminable at will.

Accordingly, the Court will grant summary judgment in favor of Amazon as to GP's declaratory relief claims.

**B.     Seventh Claim: Unjust Enrichment**

Amazon moves for summary judgment on GP's seventh claim—unjust enrichment—because Washington does not permit claims for unjust enrichment arising out of a valid contract's subject matter. (ECF No. 29 at 22 (citing *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1186 (W.D. Wash. 2010)).) "Under Washington law, a plaintiff who is a party to a 'valid express contract is bound by the provisions of that contract' and may not bring a claim for unjust enrichment for issues arising under the contract's subject matter." *Minnick*, 683 F. Supp. 2d at 1186 (quoting *Chandler v. Wash. Toll Bridge Auth.*, 137 P.2d 97, 103 (Wash. 1943)). Here, the parties are bound by a valid, express contract. GP argues that it did not affirmatively accept any of the Pricing Terms (ECF No. 54 at 13), but Amazon explains that GP accepted the Pricing Terms by continuing to accept purchase orders (ECF No. 56 at 4). The parties agreed to this process for incorporating modifications to the Vendor Contract, which states:

> VENDOR'S CONTINUED ACCEPTANCE OF PURCHASE ORDERS OR CONTINUED USE OF VENDOR CENTRAL FOLLOWING AMAZON'S E-MAILING OR POSTING OF ANY REVISED TERMS, CONDITIONS, POLICIES, GUIDELINES, OR INFORMATION, OR ANY NOTICE OF ANY SUCH REVISIONS WILL CONSTITUTE VENDOR'S ACCEPTANCE OF THE REVISIONS. IF VENDOR DOES NOT AGREE TO ANY CHANGES TO THIS AGREEMENT, VENDOR MUST NOT CONTINUE TO ACCEPT PURCHASE ORDERS OR USE VENDOR CENTRAL, AND MUST GIVE AMAZON NOTICE IN ACCORDANCE WITH SECTION 10 ABOVE.

(ECF No. 29-2 at 5.) Accordingly, the Court will grant summary judgment in favor of Amazon as to GP's seventh claim.

**C.     Third Claim: Fraud**

Amazon moves for summary judgment on GP's third claim—fraud—on the ground that GP has no basis to allege fraud.[3] (ECF No. 29 at 23.) There are nine essential elements of fraud in Washington, all of which must be established by clear, cogent, and convincing evidence:

> (1) a representation of existing fact,
> (2) its materiality,
> (3) its falsity,
> (4) the speaker's knowledge of its falsity,
> (5) the speaker's intent that it be acted upon by the person to whom it is made,
> (6) ignorance of its falsity on the part of the person to whom the representation is addressed,
> (7) the latter's reliance on the truth of the representation,
> (8) the right to rely upon it, and
> (9) consequent damage.

*Elcon Const., Inc. v. E. Washington Univ.*, 273 P.3d 965, 970 (Wash. 2012).

GP generally alleges that Amazon engaged in fraud by charging fees on undelivered orders that GP never accepted. (ECF No. 54 at 17 (citing ECF No. 52).) However, GP fails to submit any evidence of this conduct in its response, instead directing the Court to review an entirely unnavigable declaration by one of the parties that itself references a number of indecipherable exhibits. (*Id.* (citing ECF No. 52)). "The efficient management of judicial business mandates that parties submit evidence responsibly." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 775 (9th Cir. 2002). Thus, the trial court may exclude evidence when a party relies on deposition testimony or an affidavit in a summary judgment without citing to page and line numbers. *Id.* at 775 n.14. Here, GP cited to declaration but not page and line numbers. (*See* ECF No. 54 at 17.) Accordingly, the Court declines to examine GP's purported evidence and excludes it. *See also Wu v. Boeing Co.*,

---

[3]Amazon also moves for summary judgment on GP's fraud claim based on the economic loss doctrine. (ECF No. 29 at 22.) However, the economic loss doctrine does not bar intentional torts such as fraud. *Elcon Const., Inc. v. E. Washington Univ.*, 273 P.3d 965, 970 (Wash. 2012).

7

2012 WL 3627510, at *7 (C.D. Cal. Aug. 22, 2012) (granting summary judgment when the plaintiff failed to direct the Court to any evidence, including page or paragraph citation to the declarations, in support of her claim); *Witherow v. Crawford*, 2006 WL 2462901, at *3 (D. Nev. Aug. 23, 2006) (denying preliminary injunction in part because plaintiff's evidence was unnavigable and thus deficient); *Bishop v. Potter*, 2010 WL 3910063, at *4 (D. Nev. Oct. 1, 2010) ("Where the parties do not cite to their evidence, that evidence need not be examined and may be excluded."), *aff'd sub nom. Bishop v. Donahoe*, 479 F. App'x 55 (9th Cir. 2012).

Accordingly, the Court will grant summary judgment in favor of Amazon as to GP's third claim.

### D. Fourth Claim: Deceptive Trade Practices

Amazon moves for summary judgment on GP's fourth claim—deceptive trade practices—contending that "Amazon did not misrepresent anything or commit any deceptive practice." (ECF No. 29 at 25.) GP argues that the same facts giving rise to its claim for fraud give rise to its claim for deceptive trade practices. (ECF No. 54 at 19.) Given that GP again relies on evidence that is not properly before the Court, the Court will grant summary judgment in favor of Amazon as to GP's fourth claim.

### E. Second and Sixth Claims: RICO

Amazon moves for summary judgment on GP's second and sixth claims for violation of federal and state RICO statutes on the ground that the Vendor Contract and Pricing Terms were fair and enforceable. (ECF No. 29 at 26.) The Court will grant summary judgment in favor of Amazon as to these claims because GP has not provided evidence that Amazon engaged in racketeering activity. GP argues—without citing any authority— that Amazon "engaged in a pattern of racketeering activity by unilaterally imposing 'charge backs' and/or penalties on [GP]." (ECF No. 54 at 19.) GP has failed to provide evidence showing that the chargebacks and penalties Amazon applied amounted to anything more than faithful execution of the parties' agreement. Moreover, common law fraud and other garden variety state law claims do not constitute predicate acts. *Hilton v. Apple, Inc.*, 2014

WL 12597143, at *7 (C.D. Cal. Jan. 9, 2014). Accordingly, the Court will grant summary judgment in favor of Amazon as to GP's RICO claims.

## V.    MOTION FOR SUMMARY JUDGMENT (ECF No. 28)

Amazon asserted a counterclaim against GP for indemnification in connection with a settlement Amazon reached with the CARB. (ECF No. 9 at 7.) Amazon contends that GP is obligated to indemnify Amazon under the terms of the Vendor Contract, which requires GP to indemnify Amazon "against any claim, lawsuit, investigation, or proceeding . . . that arises . . . from . . . any breach of any of [GP's] . . . warranties." (ECF No. 9 at 11-12.) GP warrants in the Vendor Contract "that . . . the Products will . . . comply with all applicable laws, ordinances, rules, regulations, orders, licenses, permits and other requirements of governmental authorities ("Laws"), including Laws pertaining to labeling of Products and disclosure of warnings." (ECF No. 9 at 11.)

GP moves for summary judgment on this counterclaim, arguing (1) that GP was not a party to the Vendor Contract that imposes the duty to indemnify; (2) that the bankruptcy sale order exculpates GP from successor liability; and (3) that Amazon knew that GP's products did not comply with California law.

GP's first argument is unpersuasive because GP expressly stated in its Complaint that the bankruptcy proceeding resulted in the sale of Patmont's assets to GP including "all rights, obligations, and remedies [Patmont] had under the [Vendor Contract]." (ECF No. 1 at 4.) This is not mere "scrivener's error" (ECF No. 55 at 2), as GP initiated this action based on purported violations of the Vendor Contract. (*See, e.g.*, ECF No. 1 at 1.) Moreover, GP has admitted it accepted and was bound by the Vendor Contract. (ECF No. 54 at 12; ECF No. 56 at 2.)

GP's second argument is that the bankruptcy sale order exculpates it from all obligations under the Vendor Contract.[4] The bankruptcy order states that "GP shall not be
///

---

[4] Amazon filed a claim for indemnification in the bankruptcy action, but the bankruptcy court did not rule on it. (ECF No. 36 at 5.) In addition, GP has not presented any argument for claim or issue preclusion.

9

incurring successor liability as that concept is defined in *Village Builders 96, L.P. v. U.S. Laboratories, Inc.*, 121 Nev. 261, 112 P.3d 1082[ ](Nev. 2005)." (ECF No. 28-4 at 8.) In *Village Builders*, the court listed four exceptions to the general rule that a successor corporation is not liable for the acts of its predecessor: "(1) where the purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction is really a consolidation or a merger; (3) when the purchasing corporation is merely a continuation of the selling corporation; and (4) where the transaction was fraudulently made in order to escape liability for such debts." 112 P.3d at 1087 (quoting *Lamb v. Leroy Corp.*, 454 P.2d 24, 27 (Nev. 1969)). Thus, the bankruptcy order does not exclude obligations that GP agreed to assume. Here, Amazon argues that GP essentially waived any right it had to avoid its obligations under the Vendor Contract when it initiated an action against Amazon based on GP's rights under the Vendor Contract. (*Id.* at 10-11.) The Court finds this argument persuasive as it would be inequitable to permit GP to reap the benefits of the Vendor Contract without assuming any of its concomitant obligations. See *Bank of Am. Nat'l Trust & Sav. Ass'n v. Smith*, 336 F.2d 528, 529 (9th Cir. 1964) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951)) ("If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.").

GP's third argument is unpersuasive because the Vendor Contract imposed the obligation of complying with California law on GP, not Amazon. (*See* ECF No. 9 at 11-12.)

Accordingly, GP's motion for summary judgment is denied.

**VI.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Amazon's Motion for Partial Summary Judgment (ECF No. 29) is granted. The Court grants summary judgment in favor of Amazon on GP's claims.

It is further ordered that GP's Motion for Summary Judgment (ECF No. 28) is denied.

It is further ordered that Amazon's Motion to Strike (ECF No. 57) is denied as moot.

It is further ordered that GP's Motion to Amend (ECF No. 30) is granted.

DATED THIS 12th day of February 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE